IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WIRELESSWERX IP LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:22-cv-01056-RP |
| GOOGLE LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Google moved to dismiss WirelessWerx's Complaint because (1) the Complaint failed to identify how the critical "near node" limitation is met by any Google product, and (2) WirelessWerx's infringement claim relied on a combination of unrelated products with no allegation that those products have ever been combined.  Dkt. 16.  WirelessWerx's Response did not defend its operative Complaint from these arguments.  Dkt. 23.  Instead, WirelessWerx abandoned its original theories and, in their place and without even informing the Court, advances new evidence, new claim chart, and a new infringement theory.  *Id*.  Under binding authority, these new materials and theory are not part of the operative Complaint and are therefore procedurally improper to consider in response to this Motion.  Accordingly, the Court need not and should not address these materials; on the contrary, the Court should grant Google's motion to dismiss the original Complaint, which WirelessWerx no longer defends.

Even if the Court were to consider the merits of WirelessWerx's new evidence and theory, they still fail to plead a plausible theory as to how Google practices the "near node" limitation.  WirelessWerx's failure to state a plausible theory of infringement in its second attempt to do so proves that any amendment would be futile.  Accordingly, Google requests that WirelessWerx's Complaint not only be dismissed but that it be dismissed with prejudice.

**II.    ARGUMENT**

  **A.    WirelessWerx's New Evidence, Claim Chart, And Infringement Theory Are Beyond The Pleadings And Should Be Excluded From Consideration**

Although WirelessWerx does not make this clear in its Response, it relies on new evidence, a new claim chart, and a new infringement theory that were not disclosed in or attached to its Complaint.  Specifically, WirelessWerx's Response identifies Google Maps for Android for the first time and introduces a 2018 blog post about a feature of that product.  *See*

Dkt. 23 at 5–7.  The Response also includes a new claim chart that is materially different from the one attached to its Complaint, including its reliance on a "follow" feature of the newly-accused Google Maps for Android.[1]  *Compare id.* at 8–12, *with* Dkt. 1-2 at 4–7.  And WirelessWerx relies on that new claim chart to present a new infringement theory that was not in its Complaint.  Dkt. 23 at 10–12.

None of these new materials or allegations should be considered when deciding Google's Motion.  On a motion to dismiss, "a court is confined to a limited factual universe: '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'"  *Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437, at *4 (5th Cir. Dec. 30, 2022) (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).  "New factual allegations in briefs are not appropriately considered on a motion to dismiss—our focus is on the allegations and materials referred to in the complaint itself."  *Wilhite v. Harvey*, 861 F. App'x 588, 592 (5th Cir. 2021).  The Fifth Circuit has instructed that "the best path when presented with outside materials of limited nature [on a motion to dismiss] is to exclude them."  *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 786 (5th Cir. 2007).

WirelessWerx's new materials fit none of the categories that may be considered in opposition to a Rule 12(b)(6) motion.  The newly cited blog post, new claim chart, and new infringement theory were not in or attached to the Complaint.  *See* Dkt. 1.  WirelessWerx did not request judicial notice of these new materials and allegations, much less meet its burden to prove

---

[1] While WirelessWerx alleges that Google "infringes" because of the "follow" feature cited in a 2018 blog post, the feature it points to is deprecated and not currently available in the Google Maps application.  *See, e.g.*, https://support.google.com/business/answer/9051638?hl=en ("Customers can no longer follow your business on Google Search or the Google Maps app.").

that such materials and allegations can be judicially noticed.  *See* Dkt. 23 (containing no request for judicial notice); Fed. R. Evid. 201; *see also Dobbin Plantersville Water Supply Corp. v. Lake*, No. 1:21-CV-00612-RP, 2022 WL 2718985, at *9–10 (W.D. Tex. July 13, 2022) (declining to take judicial notice of factual assertions in discovery responses), *report and recommendation adopted*, No. 1:21-CV-612-RP, 2022 WL 5568377 (W.D. Tex. Aug. 4, 2022).  These new materials, which run from pages 6 through 12 of WirelessWerx's Response, should therefore be excluded from the Court's consideration of Google's Motion.

> **B.     The Operative Complaint Fails To Plead A Plausible Claim Of Infringement And Should Be Dismissed**

Once WirelessWerx's new materials are excluded, WirelessWerx's Response points to no basis to defend its operative Complaint.  As explained in Google's Motion, WirelessWerx's Complaint suffers from two fatal flaws:  (1) the Complaint fails to identify how the critical "near node" limitation of the asserted patent is met by any Google product, and (2) the Complaint relies on a combination of unrelated products without any plausible allegation that the products have ever actually been combined. Dkt. 16 at 4–8.  WirelessWerx's Response does not oppose either of these grounds for dismissal of the Complaint.  *See* Dkt. 23.  Both flaws that Google identified in its opening brief are thus unrebutted.

First, to plausibly plead infringement of claim 1, WirelessWerx was required to provide a detailed explanation of how the "near node" limitation was infringed because that limitation was material to the issuance of the patent and covers intangible software rather than a simple physical device.  *See* Dkt. 16 at 7.  WirelessWerx does not explain how its Complaint meets this standard.  *See* Dkt. 23.  Instead, WirelessWerx improperly points to a new accused feature of Google Maps for Android, relies on newly cited evidence, and asserts a new infringement theory regarding a "follow" feature.  *Id*. at 6.  But the operative Complaint does not mention a "follow" feature.  *See*

Dkts. 1, 1-2.  And while WirelessWerx does "not agree[]" that a detailed explanation was required, it does not rebut the applicable case law Google cited or raise any argument to dispute such requirement.  Dkt. 23 at 5.  Dismissal is thus proper because the Complaint does not plausibly plead infringement of the "near node" limitation of the identified asserted claim.[2]

Second, the Complaint relies on a combination of separate Google products to meet the claim limitations of claim 1, but it never alleges that these different products have ever been combined.  *See* Dkt. 1-2 (relying on a combination of Google Maps, Eddystone, and Proximity Beacon API as practicing the claimed method steps).  Without any allegation, much less support, that such combination has ever existed, the Complaint fails to raise a right to relief "above the speculative level."  *See Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469, at *9 (W.D. Tex. Jan. 3, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  WirelessWerx's Response does not argue that the Complaint contains a sufficient pleading of infringement in this regard.  Instead, WirelessWerx ignores this flaw altogether and again relies on the new infringement theory in its Response to argue that Google Maps alone infringes claim 1.  Dkt. 23 at 8–12.  But the operative Complaint relies on Eddystone and Proximity Beacon API—not Google Maps—as allegedly performing the last limitation of claim 1.  Dkt. 1-2 at 7.  Thus, the Court should also dismiss the Complaint because there is no

---

[2] WirelessWerx implies that its new allegation that the "follow" feature of Google Maps for Android infringes the "near node" limitation was sufficiently disclosed in the Complaint merely because "Google Maps was identified as an infringing product."  Dkt. 23 at 5–6.  But the Complaint only vaguely references a collection of "Google's Maps products" as accused (Dkt. 1 at ¶ 14) and cites to a website (https://www.google.com/maps/about/partners/), which is directed to business partners that want to add their floor plans as indoor maps (Dkt. 1-2 at 4 ("Create a more convenient and enjoyable visitor experience. . . Integrate your floor plans.")).  Neither of those references identifies the "follow" feature of Google Maps for Android.  Indeed, there is no mention of Google Maps for Android, the "follow" feature of Google Maps for Android, or even Google Maps in the Complaint's chart for the "near node" limitation.  Dkt. 1-2 at 7.

4

allegation that the accused combination of products ever existed.

      **C.**    **WirelessWerx's New Infringement Theory Fails To Plead A Plausible Infringement Claim**

To be clear, the Court should dismiss the operative Complaint and it need not—and should not—consider WirelessWerx's procedurally improper new materials. *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 n.10 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff did not plead this theory in his complaint, the Court ignores this argument as being improperly pled."). The Court should instead dismiss the operative Complaint.

But if the Court does decide to address WirelessWerx's new claim chart, evidence, and infringement theory on the merits, those new materials still fail to plead a plausible claim of infringement. The "near node" limitation of claim 1 requires that: (i) "the system narrows the plurality of nodes for use by the user at a first elevational level to the most practically near node to the user," (ii) "such that a node at another elevational level, even though physically closer to the user at the first elevational level is excluded as being a node the most practically near to that user." Dkt. 1-1 ('203 Pat.), Cl. 1. WirelessWerx's Response asserts that under its new infringement theory, the "near node" limitation is met when (i) a user searches for a store in Google Maps and "follow[s]" the store to receive news from that store; and that (ii) stores that were not followed by the user are the nodes that were excluded because they are "at another elevational level" different from the elevational level of the user. Dkt. 23 at 6. This new assertion fails for at least the reasons described below.

First, WirelessWerx's new theory fails because it is internally inconsistent in its identification of a "node." For an earlier claim limitation reciting communications between "the nodes," users, and control stations, WirelessWerx points to WiFi points and cell IDs—never

once mentioning stores—as meeting the "nodes" limitation of the claim element. Dkt. 23 at 9 (claim chart citing Geolocation with Google Maps as having a "network of WiFi points and cell IDs"). But yet for the "near node" element of the same claim, WirelessWerx identifies stores as the "nodes." *Id.* at 12 (citing the ability to follow shops and stores). WirelessWerx's internally inconsistent infringement theory is implausible because the claimed "nodes" cannot be two different things. *See Fin Control Sys. Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1318 (Fed. Cir. 2001) (explaining the presumption that "the same terms appearing in different portions of the claims should be given the same meaning").

Second, WirelessWerx's new infringement theory fails to include any allegation to support that "the most practically near node" limitation is met, as it is required to under *Bot M8*. As noted above, this claim limitation requires that "the system narrows the plurality of nodes" at a first elevation level to "*the most practically near node*" to the user, "such that a node *at another elevational level*, even though physically closer to the user at the first elevational level *is excluded as being a node the most practically near to that user*." '203 Pat. Cl. 1 (emphasis added). Yet, WirelessWerx's new materials fail to show that users can only follow a store that is: (1) "the most practically near" the user; or (2) that stores on other levels "even though physically closer to the user" are "excluded." Instead, WirelessWerx's new claim chart shows that a user in 2018 could have followed a store that was *nowhere near* the user including, presumably, a store at another elevational level. Dkt. 23 at 12 (citing the 2018 blog post image showing that a user could "follow" a chocolate store that was a 1 hour and 23 minute drive away). Moreover, WirelessWerx's new materials make clear that "choosing not to follow node(s)" was not based on an elevational level and was not done by the system—as required by the claim ("the system narrows the plurality of nodes for use by the user")—but rather was

performed by the user "based on a user's preference." *Id.* at 7. And, while the claim element requires narrowing to "the" most practically near node, WirelessWerx's new claim chart alleges that a user could have used the follow feature to follow multiple "places." *Id.* at 12. Thus, even assuming all factual allegations in WirelessWerx's Response to be true, the Response fails to state a plausible claim that Google Maps for Android narrows to "the most practically near node" on the same elevational level as the user.

This is now WirelessWerx's second failed attempt to state a plausible claim. WirelessWerx's inability to state a plausible claim of infringement, even under its new theory, proves that amendment would be futile such that the Complaint should be dismissed with prejudice. *See Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003)).

### III.   CONCLUSION

For the reasons above and in Google's Motion, Google respectfully requests the Court dismiss WirelessWerx's Complaint with prejudice.

Dated: January 10, 2023

/s/ Matt Dow
Matt Dow
Texas State Bar No. 06066500
Email: mdow@jw.com
Josh Romero
Texas State Bar No. 24046754
Email: jromero@jw.com
**JACKSON WALKER LLP**
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone:   +1 512 236 2000
Facsimile:    +1 512 236 2002

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)

Email: dalmeling@omm.com
Amy K. Liang (*Pro Hac Vice*)
Email: aliang@omm.com
Nathaniel Legum (*Pro Hac Vice*)
Email: nlegum@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:     +1 415 984 8701

Stacy Yae (*Pro Hac Vice*)
Email: syae@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:    +1 213 430 6000
Facsimile:     +1 213 430 6407

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2023, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users as authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Matt Dow*
Matt Dow